NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE NORMAN HARMS, | No. 17-15635 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-01585-CW |
| v. | |
| SELECT PORTFOLIO SERVICING, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Dale Norman Harms appeals pro se from the district court's order dismissing

his action alleging Truth in Lending Act ("TILA") and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal for failure to state a claim under Federal Rule of Civil Procedure

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6).  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).  We affirm.

The district court properly dismissed Harms's TILA recission claim because that claim was barred by the applicable statute of limitations.  *See* 15 U.S.C. § 1635(f) (imposing three-year period to exercise right of rescission under TILA); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 792 (2015) (a borrower exercises his right of rescission by notifying the creditor of intent to rescind within three years after the transaction is consummated); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Harms's motion for recusal because Harms failed to establish any ground for recusal.  *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (setting forth standard of review and grounds for disqualification).

The district court did not abuse its discretion in granting defendants' request for judicial notice because the documents in questions were matters of public record.  *See* Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).  The district court did not abuse its discretion in denying Harms's request for judicial notice because the district court stated it would consider the case law and authorities submitted by Harms in rendering a

2

decision.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**